**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SONIA RIFFLE,
Plaintiff-Appellant,

v.

THE SPORTS AUTHORITY,
INCORPORATED,
Defendant-Appellee.

No. 99-2192

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-98-466-AW)

Submitted: February 29, 2000

Decided: March 28, 2000

Before WIDENER and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan Lescht, ALAN LESCHT & ASSOCIATES, P.C., Washington,
D.C., for Appellant. Karen A. Khan, Timothy W. Romberger, JACK-
SON, LEWIS, SCHNITZLER & KRUPMAN, Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sonia Riffle appeals the district court's order granting summary
judgment to The Sports Authority, Inc. ("The Sports Authority"). Rif-
fle alleged that her supervisor created a sexually harassing hostile
work environment and engaged in quid pro quo sexual harassment, in
violation of Title VII of the Civil Rights Act of 1964, §§ 2000e to
2000e-17 (West 1994 & Supp. 1999). The Sports Authority argued
that it was not vicariously liable for the supervisor's offending con-
duct because of the affirmative defense stated in Burlington Indus.,
Inc. v. Ellerth, 524 U.S. 742 (1998), and Faragher v. City of Boca
Raton, 524 U.S. 775 (1998). The district court agreed and now we
affirm.

We review a district court's decision to grant summary judgment
de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d
1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only
"if the pleadings, depositions, answers to interrogatories, and admis-
sions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact." Fed. R. Civ. P. 56(c); see
Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Under Ellerth and Faragher, an employer may be vicariously liable
for a supervisor's offending conduct if the employee suffers a tangible
employment action at the hands of the supervisor. See Ellerth, 524
U.S. at 765; Faragher, 524 U.S. at 807. In the instant case, Riffle did
not suffer any tangible employment action. Accordingly, The Sports
Authority may raise an affirmative defense to liability.

The affirmative defense has the following two elements: "(a) that
the employer exercised reasonable care to prevent and correct
promptly any sexually harassing behavior, and (b) that the plaintiff
employee unreasonably failed to take advantage of any preventive or

2

corrective opportunities provided by the employer or to avoid harm otherwise." Ellerth, 524 U.S. at 765. We find that The Sports Authority, by virtue of its sexual harassment policy, established the first element. See Brown v. Perry, 184 F.3d 388, 395 (4th Cir. 1999). Furthermore, we find that The Sports Authority proved the second element of the affirmative defense by establishing that Riffle did not act reasonably in failing to take advantage of The Sports Authority's policy and procedures. See Ellerth, 524 U.S. at 765 (when an employer has a viable anti-harassment policy, a demonstration that the employee unreasonably failed to utilize a viable anti-harassment procedure "will normally suffice to satisfy the employer's burden under the second element of the defense"); Shaw v. AutoZone, Inc., 180 F.3d 806, 811-12 (7th Cir. 1999) (employee who was uncomfortable reporting harassment acted unreasonably in failing to inform any one of several appropriate people), cert. denied , ___ U.S. ___, 68 U.S.L.W. 3430 (U.S. Jan. 20, 2000) (No. 99-668).

Thus, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3